## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | | |
|---|---|---|
| BROADMOOR ANDERSON, A JOINT VENTURE | * | CIVIL ACTION NO. 02-0703 |
| | * | JUDGE DONALD E. WALTER |
| VERSUS | | |
| | * | MAGISTRATE JUDGE HAYES |
| XL REINSURANCE AMERICA, INC. ET AL. | | |

## MEMORANDUM RULING ON MOTION TO COMPEL[1]

Before the court is a Motion to Compel filed by defendants, XL Reinsurance America and Greenwich Insurance Company (collectively "the Sureties"). (Document No. 74). Plaintiff, Broadmoor/Roy Anderson Corp. ("BRAC") opposes the motion. For reasons stated below, the Sureties' motion is **GRANTED IN PART** and **DENIED IN PART.**

### BACKGROUND

This action arises out of claims made by BRAC against a payment bond ("Bond") executed by the Sureties in connection with a construction contract entered into by BRAC and Hollywood Casino Shreveport ("Hollywood") for the construction of a casino complex in Shreveport, Louisiana.

The present motion seeks to compel BRAC to respond to the Sureties' Interrogatories and Requests for Documents, and the primary dispute centers on the relevance of the discovery sought.

### LAW AND ANALYSIS

Rule 26(b)(1), which provides that "[p]arties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party," has been understood as

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

providing for broad and liberal discovery. Fed. R. Civ. P. 26(b)(1); *see Schlagenhauf v. Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Accordingly, the scope of discovery is not limited only to evidence that would be admissible at trial, nor is it adjudged by a constricted definition of "relevant." Fed. R. Civ. P. 26(b)(1).

Two recent rulings in this case largely determine the outcome of the Sureties' motion to compel. On February 16, 2006, this Court issued a ruling and judgment on BRAC's Motion for Summary Judgment, holding that the "Sureties have the right to litigate their personal defenses regardless of the arbitration award rendered between BRAC and Hollywood Casino." (Document No. 95). On February 22, 2006, the Court granted in part and denied in part the Sureties' Motion for Summary Judgment, finding that the Bond was clear and unambiguous and that: "claims made by [BRAC] . . . against Sureties must be based on applications that are submitted by BRAC and certified by the Architect and otherwise approved all in accordance with the terms of the Construction Contract between Hollywood and BRAC." (Document No. 101). However, the court found that genuine issues of material fact existed as to the amount the Sureties owed BRAC under the terms of the Payment Bond. *Id.*

In light of these rulings, the intent of BRAC and the Sureties in entering into the Bond, the negotiation of the Bond, and other circumstantial evidence of the Bond's scope is irrelevant, and the Sureties' Motion to Compel is therefore **DENIED** with respect to the following interrogatories and requests for production of documents: Interrogatory Nos. 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 13, 14, 15, 16, 17, and 18; Requests for production of Documents Nos. 1, 2, 3, 4, 5, 6, 7, 16, 19, 20, 21, 22, and 23.

The Sureties also propounded several interrogatories and requests for production of documents dealing with the arbitration between Hollywood and BRAC. Again, given the court's ruling that the Sureties are entitled to assert their personal defenses, the Sureties' Motion to

Compel is **GRANTED** with respect to the following interrogatories and requests for production of documents:  Interrogatory Nos. 7 and 12; Requests for Documents Nos. 8 and 9.  BRAC is to provide full responses to these discovery requests within 30 days of the date of this order.

The undersigned finds that, in light of the court's rulings on the parties' motions for summary judgment, BRAC has sufficiently responded to the following requests for documents: Nos. 10, 11, 12, 13, 14, 15.  The Sureties' Motion to Compel is **DENIED** with respect to those requests.

However, and again noting the court's rulings on the parties' motions for summary judgment, BRAC's responses to the Sureties' requests for documents, Nos. 17 and 18 are inadequate.   Documents responsive to these requests should include all documents relating to a claim that BRAC submitted to the architect for approval, but BRAC's response fails to list any such documents.  To the extent that such documents exist, the motion to compel is **GRANTED**, and BRAC is hereby ordered to produce any "documents pertaining to any demand, claim or assertion by BRAC to the Sureties or against the Payment Bond 45002007 and any documents pertaining to any response to such demand, claim or assertion received in response from Sureties," as requested in No. 17, and  "all documents, including correspondence, e-mails, and other communications between BRAC and the Sureties pertaining to the Payment Bond number 45002007 or the Project." as requested in No. 18.  **BRAC is to produce all documents responsive to these requests within 30 days of the date of this order**.

**THUS DONE AND SIGNED** at Monroe, Louisiana, this 28th day of February, 2006.

H:\Contract\02-0703.022806.ro.klh.frm

KAREN L. HAYES
U. S. MAGISTRATE JUDGE