IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| BROADMOOR ANDERSON, A JOINT VENTURE | * | CIVIL ACTION NO. 02-0703 |
| | * | JUDGE WALTER |
| VERSUS | * | MAGISTRATE JUDGE HAYES |
| XL REINSURANCE AMERICA, INC. ET AL. | | |

## RULING AND ORDER[1]

Before the Court is a motion seeking a protective order and seeking to quash a subpoena *duces tecum* (Doc. No. 122) filed by defendants XL Reinsurance America, Inc. and Greenwich Insurance Company (collectively "Sureties"). Plaintiff Broadmoor/Roy Anderson Corp., A Joint Venture ("BRAC") opposes the motion. For the reasons stated below, the motion is **GRANTED in part and DENIED in part.**

## BACKGROUND

This action arises out of claims BRAC made against a payment bond ("Bond") executed by the Sureties in connection with a construction contract BRAC and Hollywood Casino Shreveport ("Hollywood") entered into for the construction of a casino complex in Shreveport, Louisiana.

On February 22, 2006, Judge Walter granted in part and denied in part Sureties' Motion for Summary Judgment, finding that the Bond was clear and unambiguous and that

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

1

"claims made by [BRAC] . . . against Sureties must be based on applications that are submitted by BRAC and certified by the Architect and otherwise approved all in accordance with the terms of the Construction Contract between Hollywood and BRAC." (Document No. 101). However, the Judge Walter also found that "a genuine issue of material fact remain[ed] as to the amount owed BRAC under the terms of the Payment Bond." *Id.* Based on these rulings, the undersigned denied in part Sureties' Motion to Compel, finding that the information sought in Sureties' Interrogatories -- information pertaining to the Bond's meaning, scope, and negotiation -- was irrelevant because the Bond was clear and unambiguous. (Document No. 122).

Sureties' present motion seeks a protective order precluding BRAC from obtaining discovery which Sureties claim is solely related to the parties' intent in entering into the Bond. Specifically, Sureties seek to avoid having to provide documents identified in Request Nos. 1, 2, 3, and 6 of BRAC's "Second Set of Requests for Production of Documents." Sureties also urge the Court to quash a subpoena *duces tecum* BRAC issued to Sureties' agent, Avalon Risk Associates, Inc. ("Avalon"), that allegedly seeks the same categories of documents. Because Avalon is Sureties' agent, Sureties also claim that the documents responsive to the subpoena requests are subject to attorney-client privilege and the work-product doctrine.[2]

In opposition, BRAC does not deny that its discovery requests and subpoena seek

---

[2] Sureties also claim that the subpoena is unreasonably cumulative or duplicative in that it requests documents already requested from Sureties directly. While there may be some overlap between the requests in the subpoena and those made to Sureties, the overlap is not such that the subpoena should be quashed on that basis. Should any of the responsive documents be duplicative, Sureties and Avalon can avoid producing them again by specifically identifying those documents responsive to the subpoena which have already been produced.

documents related to the Bond's scope and negotiation and the Sureties' intent. Instead, BRAC argues that Judge Walter's ruling that "a genuine issue of material fact remains as to the amount owed BRAC under the terms of the Payment Bond" as permits discovery on "the Sureties [sic] understanding and intentions with regard to the scope of the payment bond as it relates to 'applications that are submitted by BRAC and certified by the Architect and otherwise approved in accordance with the terms of the Construction Contract between Hollywood and BRAC.'" BRAC's Brief, p. 6 (quoting Rec. Doc. No. 101). Thus, BRAC argues that issues surrounding the amounts owed BRAC under the terms of the Payment Bond still require discovery into the Sureties' intent and other collateral areas. BRAC also argues that Sureties have failed to provide a privilege log detailing which documents requested in the subpoena *duces tecum* to Avalon are privileged and have otherwise failed to support their argument that attorney-client privilege or the work-product doctrine precludes discovery.

## LAW AND ANALYSIS

Protective Order

Protective orders may be issued upon a showing of "good cause." Fed. R. Civ. P. 26(c). "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). The decision to enter a protective order is within the Court's discretion. *See Thomas v. Int'l Bus. Machines*, 48 F.3d 478, 482 (10th Cir. 1995).

Having reviewed the challenged requests in BRAC's Second Set of Requests for

3

Production of Documents, the undersigned finds that a protective order is appropriate. The Bond's negotiation and scope, as well as the Sureties' intent in entering into it, are irrelevant. BRAC is entitled only to documentation reflecting the amounts that were submitted to and "certified by the Architect and otherwise approved all in accordance with the terms of the Construction Contract between Hollywood and BRAC." BRAC's reliance on the prior finding that a material issue of fact exists as to the amount owed BRAC under the Bond's terms is erroneous. Judge Walter found that a dispute exists as to which **amounts** were certified by the Architect or otherwise approved under the Construction Contract between Hollywood and BRAC, not that there was an issue as to the Sureties' understanding and intentions with regard to the scope of the payment bond. BRAC's logic would eviscerate the prior ruling and permit discovery into areas previously determined to be irrelevant.

As to Request No. 1 which seeks "all documents and communications with BRAC, Hollywood Casino Shreveport, Avalon Risk Associates, Inc. or any other entity in connection with the Payment Bond," the motion is **GRANTED** to the extent that Request No. 1 seeks documents relating to the irrelevant areas described above, and **DENIED** to the extent that Request No. 1 seeks documents relating to the amounts BRAC submitted to the architect or amounts that were otherwise approved.

The motion for a protective order is **GRANTED as to** Request Nos. 2, 3, and 6.

Motion to Quash

Rule 45(c) of the Federal Rules of Civil Procedure provides that a court may quash or modify a subpoena if it seeks privileged or protected information, subjects a person to undue

burden, or is otherwise unreasonable or oppressive. Fed. R. Civ. P. 45(c)(iii)-(iv); *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984). In accordance with Rule 26(b)'s general delineation of the scope of discovery, "[a] subpoena must also seek relevant information." *Pointer v. DART*, 417 F.3d 819; *see* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."). Although only the person to whom the subpoena is directed generally has standing to challenge its scope or validity, a party may also have standing to raise a challenge if he has a personal right or privilege with respect to the subpoena's subject matter or has some other sufficient interest in it. *See Hunter v. Copeland*, 2004 WL 1161368, at *1 n.1 (E.D. La. May 24, 2004); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, 1998 WL 186705, at *4 (E.D. La. 1998).

The undersigned begins by noting that, based on the principal-agent relationship between Sureties and Avalon, Sureties have a sufficient interest in the subpoena *duces tecum* to have standing to challenge its issuance.

As discussed above, pursuant to previous rulings in this case, the Bond's scope and negotiation and the Sureties' intent in entering into the Bond are irrelevant and not subject to discovery. Therefore, Sureties' motion to quash is **GRANTED** as to Request Nos. 2, 3, 6, and 7 in Exhibit A of BRAC's subpoena *duces tecum*. However, documents relating to the amounts owed to BRAC and whether those amounts were properly certified and approved are relevant and discoverable. Therefore, Sureties' motion to quash is **DENIED as to Request Nos. 1, 4, 5, and 8 in Exhibit A of BRAC's subpoena *duces tecum*. Sureties are to**

5

**provide responses to those requests to the extent that they seek documents relating to amounts which may be owed to BRAC.**

Sureties have provided no support for their argument that the documents requested in the subpoena are subject to attorney-client privilege or the work-product doctrine. Sureties have failed to provide a privilege log or to specify precisely which documents are privileged or protected. Therefore, the motion to quash the subpoena *duces tecum* on the basis of privilege is **DENIED. Sureties may re-urge the privilege provided that they specifically identify the documents for which privilege is claimed and provide the Court with the allegedly privileged documents for an *in camera* inspection.**

**To the extent that the motions for protective order and to quash have been denied,** Sureties and Avalon are ordered to provide the requested responses and documents by **June 28, 2006**.

THUS DONE AND SIGNED at Monroe, Louisiana, this 14th day of June, 2006.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE