RECEIVED
OCT 0 4 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| BROADMOOR/ROY ANDERSON CORP., A JOINT VENTURE | CIVIL ACTION NO. 02-0703 |
| VERSUS | JUDGE DONALD E. WALTER |
| XL REINSURANCE AMERICA, INC. | MAGISTRATE JUDGE HAYES |

## RULING ON THE MERITS

Trial in this matter was held on October 2, 2006, and October 3, 2006. This Court heard all testimony and reviewed all evidence presented, and after review of same makes the following findings.

This Court has previously found that under the terms of the Payment Bond [Exhibit 1], "claims made by Broadmoor/Roy Anderson Corporation, a Louisiana Joint Venture ("BRAC") against [XL Reinsurance America, Inc. and Greenwich Insurance Company (collectively referred to as "Sureties")] must be based on applications for payment that are submitted by BRAC and certified by the Architect and otherwise approved all in accordance with the terms of the Construction Contract between [QNOV, hereinafter "Hollywood"] and BRAC." Doc. #101. The Court has also determined that the Arbitration Award [Exhibit 2] between BRAC and Hollywood Casino, Shreveport, issued in the Construction litigation, is not res judicata as to the case sub judice but is presumptive of the accuracy of BRAC's claims against Sureties. See Doc. #145. Accordingly, the issues to be addressed are: (1) Have the amounts awarded by the arbitration panel been certified? (2) By whom? (3) Was that certification valid?

The Court need not address Sureties' contentions of timeliness of the certification nor

plaintiff's contentions of Hollywood's interference with the certification process because the Court does find that pursuant to the Supplementary Conditions to the Construction Contract [Exhibit 7, §4.1.1], Mr. Duplantier, as President of Broadmoor Design Group, (hired by Hollywood, Principal on the Payment Bond) was and is the "Architect of Record." Mr. Duplantier testified, "When you're the architect, you're the architect forever." On the date that Mr. Duplantier certified Final Pay Application 30 [Exhibit 66], he had no obligation under the contract between Broadmoor Design Group and Hollywood [Exhibit 13, §3.3.2] since he was no longer being paid, nonetheless, he had the power to do so. He so testified and the Court believes he is both factually and legally correct.

According to §9.4.2 of the Construction Contract, the Architect's issuance of a Certificate of Payment constituted

> a representation by the Architect to the Owner, based on the Architect's evaluation of the Work, and the data comprising the Application for Payment, that the Work has progressed to the point indicated and that, to the best of the Architect's knowledge, information and belief, the quality of the Work is in accordance with the Contract Documents.

On the other hand, certification was not

> a representation that the Architect has (1) made exhaustive or continuous on-site inspections to check the quality or quantity of the Work, (2) reviewed construction means, methods, techniques, sequences or procedures, (3) reviewed copies of requisitions received from Subcontractors and material suppliers and other data requested by the Owner to substantiate the Contractor's right to payment, or (4) made examination to ascertain how or for what purpose the Contractor has used money previously paid on account of the Contract Sum.

Mr. Duplantier testified that he "reviewed the application of the Interlocutory Order [Exhibit 2] that outlined the various amounts awarded and resolved via arbitration" – he properly relied upon the findings of the Arbitration Panel as to the appropriate amounts owed.

There is no credible evidence in this record that the amounts awarded to BRAC by the

2

Arbitration Panel were not due and payable under the Construction Contract. Sureties never attacked the details of the amounts actually awarded by the Arbitration Panel. Therefore, upon certification by Mr. Duplantier, the amount awarded became due and payable by Hollywood. Hollywood's failure to pay makes Sureties liable.

The delay in obtaining the certification by BRAC is harmless and quite understandable. The Project had suffered delays as a result of a tornado along with other problems: insurance claims, the arbitration proceeding, and then bankruptcy. The claims as between BRAC and Hollywood went to arbitration before the involuntary petition of bankruptcy was filed against Hollywood. Hollywood is now bankrupt and cannot pay the amount due BRAC.

According to Exhibit 2, the Arbitration Panel found that BRAC was entitled to payment in the amount of $6,124,645.00, but that Hollywood was entitled to set off in the amount of $1,244,294.00, resulting in a net total finding in favor of BRAC (before interest) of $4,880,351.00.

After the Arbitration Award was issued, Mr. Duplantier certified Final Pay Application 30 [Exhibit 66] which he testified, and as the document shows, is commensurate with the Arbitration Award (net total awarded plus interest).

All of these findings lead the Court to determine that under the terms of the Payment Bond [Exhibit 1], Sureties are obligated to pay BRAC the amount of $4,880,351.00 plus interest which total exceeds the $5.6 million cap established by the Agreement entered into evidence as Exhibit 64. According to Exhibit 64, ¶6, the penal sum of the Payment Bond was "reduced to $5,600,000 for all purposes, inclusive of principal, interest, attorneys' fees, late payment penalties or other punitive damages." Therefore, claims for delays in payment by Sureties are moot in light of the penal sum cap. Accordingly, BRAC's remaining claims for consequential damages and penalties and attorneys'

3

fees are **DENIED AS MOOT**.

Finally, although certain claims on Pay Applications, Change Orders or RFCs were not reached by the arbitration panel and might have merit, this Court need not address those claims because of the $5.6 million cap.

Accordingly, there shall be judgment in favor of plaintiff and against defendants in the sum of $5,600,000.00, the amount agreed to in Exhibit 64.

However, judicial interest shall begin to accrue on this amount 120 days from the date of the Final Judgment until paid. To rule otherwise is to encourage further delay in payment of the sum due.

In the event an appeal is lodged, the supersedeas bond shall be in interest-bearing U.S. Treasury Bonds in the amount of $5,600,000.00 which shall be deposited in the registry of the Court pending the outcome of the appeal.

The parties are to submit an agreed upon Judgment to the Court reflecting this Court's ruling herein.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 4th day of October, 2006.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE